## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY MELE | : |
| | :      Civil Action No.: |
| | : |
|      Plaintiff, | : |
| | : |
| v. | : |
| | : |
| THE HARTFORD LIFE | : |
| INSURANCE COMPANY | : |
| | : |
|      Defendant. | : |

## COMPLAINT

Plaintiff, Gregory Mele, hereby brings this civil action against Defendant The Hartford Life Insurance Company (hereinafter referred to as "Hartford") and in support thereof states as follows:

## NATURE OF ACTION

1.      This case involves a claim for long term disability benefits under the employee welfare benefit plan ("the Plan") of TD Bank, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  Plaintiff seeks recovery of benefits pursuant to 29 U.S.C. §1132(a)(1)(B).  The Plan is insured by Hartford.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the issues raised herein pursuant 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.

3.      Venue is proper in the District of New Jersey.  *See* 29 U.S.C. §1132(e)(2) and 28 U.S.C. § 1391(b) as the breach took place in Magnolia, New Jersey.

1

4.      ERISA provides a mechanism for administrative or internal appeal of benefits denials.  *See* 29 U.S.C. §1133.  Those avenues of appeal have been exhausted in this case; therefore, this civil action has been properly filed in federal court.

## PARTIES

5.      Plaintiff, Gregory Mele, is an adult individual currently residing in Magnolia, New Jersey.

6.      Defendant, Hartford, is a business entity with its principal place of business located in Hartford, Connecticut.

7.      At all times relevant, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

8.      At all times relevant, Defendant Hartford insured the Plan and was responsible for making claim determinations.

9.      As an employee of TD Bank, Mr. Mele received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7).

## CLAIM FOR BENEFITS

10.      Gregory Mele was an active full-time employee of TD Bank, through June 26, 2018, when he became disabled due to hemiplegic migraines, bipolar disorder, and dysphagia.

11.      Mr. Mele has remained out of work due to the severity of his symptoms, treatment, and the residual effects since June 26, 2018.

12.      Following the date he stopped working, Mr. Mele claimed disability benefits and waiver of premium for life insurance benefits under the Plan.

13.      Mr. Mele's claim for disability was accepted, and benefits were paid first for short term disability, and then long-term disability benefits were paid until February 18, 2021.

2

14.     As part of Mr. Mele's claim, and as part of the Plan requirements, Mr. Mele was mandated by the insurer (Aetna at the time) to file for disability insurance benefits through the Social Security Administration (SSA).

15.     The SSA definition of disability is far more stringent than the definition of disability in the Plan.

16.     By mandating Mr. Mele to apply for disability benefits under the SSA definition, Aetna conceded Mr. Mele was in fact significantly impaired and unable to become employed in the national economy.

17.     Mr. Mele duly complied with the contractual requirements imposed upon him, which would permit the insurer (Aetna at the time, and now Defendant Harford), to enjoy the financial benefit of any award of Social Security Disability benefits.

18.     Mr. Mele was awarded SSA disability benefits on January 9, 2021, with an established onset date of disability of June 25, 2018.

19.     Mr. Mele continues to receive Social Security Disability benefits.

20.     As a result of this determination, and pursuant to the Plan, Mr. Mele's LTD benefits were reduced by the receipt of his benefits from Social Security; the obligations under the Plan were reduced by his receipt of these monies and an overpayment was sought, for periods of payments by Social Security.

21.     On February 18, 2021, merely a month after being awarded Social Security disability benefits, Hartford issued a decision terminating Mr. Mele's benefits.

22.     According to the Plan, long term disability is payable if a participant meets the following definition of disabled: "From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the follow test of disability on any day that: . . . You

cannot perform the material duties of your own occupation solely because of an illness, injury[,] or disabling pregnancy-related condition; and . . . Your earnings are 80% or less of your adjusted predisability earnings."

23.     After 24 months, the Plan defines "Disability" as: "you meet the plan's test of disability on any day you are unable to work at a reasonable occupation solely because of an illness, injury[,] or disabling pregnancy-related condition."

24.     Under the Plan, "reasonable occupation" means "any gainful activity: -For which you are, or may reasonably become, fitted by education, training, or experience; and -Which results in, or can be expected to result in, an income of more than 80% of your adjusted predisability earnings."

25.     Mr. Mele has been unable to perform the material duties of his regular occupation and any other occupation from June 2018, through the present.

26.     Following the February 18, 2021 decision terminating Mr. Mele's benefits, Mr. Mele, through counsel, timely appealed the decision on August 13, 2021, in accordance with 29 U.S.C. §1133; counsel for Mr. Mele submitted additional evidence confirming his continued disability.

27.     Mr. Mele's claim was a legacy Aetna claim, one that had been approved and accepted during the entirety of Aetna's claim handling, but upon the acquisition of Aetna and its business by Hartford, an antagonistic claim handling approach began, which culminated in the claim termination.

28.     Hartford is a conflicted decision-maker because it has a financial interest in the outcome of Mr. Mele's claim for Long Term Disability benefits that Mr. Mele continued to be entitled to.

4

29.     Hartford's claim handling is subject to the "higher than marketplace" standards as per the Supreme Court in <u>Met Life v. Glenn</u>, 128 S.Ct. 2348 (2008).

30.     Despite Mr. Mele's severe impairments, Hartford denied his appeal in a January 20, 2022 letter.

31.     Accordingly, this matter is ripe for judicial review.  *See* 29 C.F.R. § 2560.503-1(l).

32.     Hartford's biased, result-oriented claim-handling failed to provide Mr. Mele with a full and fair review of his claim.

33.     Hartford has a documented history of biased claim administration of ERISA disability claims and has undertaken no efforts to ensure that its claim handling is not influenced by its financial conflict of interest.

34.     Hartford's culture of biased claim administration has infected legacy claims from Aetna, for which Mr. Mele's claim was one such legacy claim; upon information and belief, Hartford has targeted legacy Aetna claims for termination to financially satisfy its purchase of Aetna.

35.     The determination by Hartford that Mr. Mele is not totally disabled, as defined by the Plan, is contrary to the welfare benefit plan, and has no rational support in the evidence.

36.     Hartford was not provided discretion under Mr. Mele's Plan, as that discretion, if any, existed solely for Aetna.

37.     Defendant violated ERISA and the governing regulations.

38.     As a result of the foregoing, Mr. Mele is entitled to a *de novo* review of his claim.

39.     Alternatively, Hartford's determination to terminate the Mr. Mele's continued claim for benefits was arbitrary and capricious.

40.     As a direct and proximate result thereof, based on the evidence submitted to Hartford establishing that Mr. Mele met the Plan's definition of "Disability" continuously since June 2018, Mr. Mele is entitled to payment of monthly benefits retroactive to the termination in February 2021; and such benefits should be continued as long as Mr. Mele remains disabled in accordance with the terms of the Plan.

WHEREFORE, Plaintiff prays for the following relief:

A.     That the Court enter judgment in Plaintiff's favor and against Defendant; and

B.     That the Court order Defendant to pay disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which Plaintiff is entitled and waiver of premium for life insurance benefits; and

C.     That the Court order Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment; and

D.     That the Court award Plaintiff attorney's fees pursuant to 29 U.S.C. §1132(g); and

E.     That Plaintiff recover any and all other relief to which he may be entitled, as well as the costs of suit.

Respectfully submitted,

By: _____
Maria Bermudez, Esq.
Atty ID: 24302007
Law Office of Maria E. Bermudez, LLC
744 South St., #768
Philadelphia, PA 19147
info@mariabermudezlaw.com
p: 267.460.1099  f: 215.599.8735
*Attorney for Plaintiff*

February 25, 2022

6